[L.A. No. 32060. Nov. 4, 1985.]

JIM FOSTER, Plaintiff and Appellant, v.
XEROX CORPORATION, Defendant and Respondent.

COUNSEL

Herbert E. Selwyn for Plaintiff and Appellant.

Latham & Watkins, Ernest J. Getto and Meredith A. Riekse for Defendant
and Respondent.

OPINION

**MOSK, J.**—An employee who suffers an injury in the course of his employment may recover damages in an action at law only if he comes within certain exceptions to the workers' compensation law. (Lab. Code, §§ 3600, 3602.)[1] One of these exceptions is embodied in subdivision (b)(2) of section 3602 (hereinafter subdivision (b)(2)). It provides that an action at law may be brought "Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."[2] The primary issue here is whether the "fraudulent concealment" referred to in this provision requires affirmative misrepresentations by the employer regarding the existence of the injury and its connection with the employment, or whether

---

[1]All references are to the Labor Code unless otherwise noted.

[2]The subdivision goes on to provide: "The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer."

the employer may be held liable in an action at law if he merely knew of these matters but failed to reveal them to the employee. As will appear, we conclude that affirmative misrepresentations are not required to support such an action, and hence that the judgment should be reversed.

Plaintiff filed a complaint against his former employer seeking to recover damages for the aggravation of his injuries on a theory of strict liability. The third amended complaint alleged as follows:

Plaintiff was employed by defendant for 11 years as a service technician to maintain and repair equipment manufactured by defendant. This machinery incorporated a drum that was unsafe for its intended use because it contained a large amount of arsenic, a poisonous substance. Defendant did not warn plaintiff of the presence of the arsenic, nor did it safeguard him from its effects. As a result, he suffered symptoms of arsenic poisoning beginning several years after his employment.

These symptoms were reported to his supervisor in 1978 and 1981. Although defendant knew that "the reported symptoms of plaintiff to his supervisor were symptoms of arsenic poisoning," and that plaintiff's physical problems were caused by the arsenic, it failed to warn him that the disease was aggravated with the passage of time, and it fraudulently concealed from him that his injuries were connected with his employment. In December 1982, plaintiff's symptoms became so severe that he was forced to terminate his employment, and it was at this time that his doctor told him that he was suffering from arsenic poisoning caused by his work and aggravated by his continued exposure to the arsenic used in the drums.

Defendant demurred to the complaint on the ground that it was barred by section 3602, and the court sustained the demurrer without leave to amend. Plaintiff appeals from the ensuing judgment of dismissal.

He asserts that these allegations state a cause of action under subdivision (b)(2), while defendant counters that they are deficient because they fail to allege that defendant made affirmative misrepresentations designed to conceal from plaintiff the fact that he suffered from arsenic poisoning caused by his employment.

In assessing the merit of these conflicting claims, we turn first to the language of subdivision (b)(2). While there are no cases defining the term "fraudulent concealment" as used in the section, its general meaning is not difficult to discern. According to both statute and case law, the failure to disclose facts may constitute fraud if the party with knowledge has a duty to make disclosure. (Civ. Code, §§ 1709, 1710, subd. 3; 1572, subds. 3,

5; *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 347-348 [134 Cal.Rptr. 375, 556 P.2d 737]; *Herzog* v. *Capital Co.* (1945) 27 Cal.2d 349, 353 [164 P.2d 8]; Rest.2d Torts, § 551.) We have no reason to believe that the term "fraudulent concealment" as used in subdivision (b)(2) was intended to have a meaning other than this. If the Legislature had intended to require an affirmative misrepresentation as the basis for a cause of action under that provision, it would have so provided, rather than using a term commonly employed to mean nondisclosure. It is unassailable that an employer who knows that an employee has contracted a disease in the course of his employment has a duty to advise the employee of that fact. The subdivision provides for an action at law for aggravation of a disease resulting from such concealment.

Defendant claims, nevertheless, that our decision in *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], implies that affirmative misrepresentations are required to support an action at law under subdivision (b)(2). The subdivision was enacted in 1982 (Stats. 1982, ch. 922, § 6) as a codification of our decision in that case. It is appropriate, therefore, to consider its rationale and holding in determining the meaning of the statute.

In *Johns-Manville,* an asbestos worker sued his employer, alleging that beginning in 1946 he was continuously exposed to asbestos in his employment, as a result of which he developed lung cancer and other illnesses. He alleged further that his employer had known for more than 20 years that long exposure to asbestos was dangerous to health, but it concealed this knowledge from the employee and advised him that it was safe to work in close proximity to asbestos, failed to provide him with adequate protective devices, and violated government safety regulations. Because of such concealment the employee did not take measures to protect himself. The complaint also alleged that the employer had engaged unqualified doctors to examine the employee and did not provide the doctors with adequate information regarding the risk of exposure to asbestos or advise them that he had developed pulmonary disease, or that the disease was the result of working conditions at the plant. These acts were done falsely and fraudulently, with intent to induce the employee to continue working in a dangerous environment.

We held that the exclusivity provisions of the workers' compensation law did not bar the action insofar as it alleged that the employer aggravated the disease by its fraudulent concealment that the employee had contracted a work-related illness, but that his only recourse to recover for the damages he suffered from contracting the disease in the first instance was workers' compensation.

We reasoned as follows: Section 4553, which provides for an increase of compensation by one-half if the employee is injured by the serious and willful misconduct of the employer, was designed to penalize intentional misconduct of the employer, and the injuries resulting from such misconduct are generally compensable solely under that section. If a broad exception from the exclusive remedy provisions were created for fraudulent concealment of hazardous working conditions, it would undermine the policy of the workers' compensation system, which balances the advantages of relatively swift and certain compensation against the detriment to the employee of prohibiting an action at law. Thus, an employee is relegated to the increased compensation provided by section 4553 if he seeks to recover for an initial injury suffered in the employment as the result of his employer's failure to provide a safe place to work. This is so even if the employer is guilty of concealing the dangers of the workplace.

However, we recognized that there were some exceptions to the exclusive remedy rule, such as for injuries resulting from an intentional physical assault by the employer on the employee. (See, e.g., *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760, 779 [121 Cal.Rptr. 621].) We held that an exception was also justified by the allegations of the employee's complaint that his asbestosis was aggravated by the employer's fraudulent concealment that he was suffering from a work-related disease, thereby preventing him from receiving treatment for the disease and inducing him to work under hazardous conditions.

Our holding in *Johns-Manville* does not support defendant's position that affirmative misrepresentations by the employer are required to state a cause of action under subdivision (b)(2). Although the complaint there alleged that such misrepresentations had been made, we did not rely on this factor in reaching our conclusion; we referred only to the allegations that the employer concealed the dangers of the workplace as justifying an action at law for aggravation of the disease.[3] Subdivision (b)(2) reflects this holding by its reference to "fraudulent concealment."

---

[3]The opinion states (27 Cal.3d at p. 477), "In the present case, plaintiff alleges that defendant fraudulently concealed from him, and from doctors retained to treat him, as well as from the state, that he was suffering from a disease caused by ingestion of asbestos, thereby preventing him from receiving treatment for the disease and inducing him to continue to work under hazardous conditions."

We observe also that while the employee might have been willing to surrender his right to an action at law for the ordinary type of work-related injury, "it is inconceivable that . . . [he] contemplated that defendant would, as he alleges, intentionally conceal the knowledge that he had contracted a serious disease from the work environment, thereby aggravating the disease, and by accepting employment he would surrender his right to damages at law for such conduct."

At page 478, we refer to our holding as relating to situations in which the employer is

■  Defendant next asserts the complaint is defective because it fails to allege that defendant had knowledge that plaintiff had contracted arsenic poisoning. Such knowledge is essential to establish a claim under subdivision (b)(2) because defendant obviously could not be charged with concealing matters which it did not know. (See *Sun 'N Sand, Inc.* v. *United California Bank* (1978) 21 Cal.3d 671, 703 [148 Cal.Rptr. 329, 582 P.2d 920].) Defendant is correct that the allegations that plaintiff had advised his supervisors in 1978 and 1981 that he was suffering from certain symptoms and that defendant knew the symptoms were those of arsenic poisoning are insufficient to allege that defendant knew of plaintiff's disease. There is no allegation that the supervisors to whom these symptoms were reported were aware of their significance, or that they reported plaintiff's condition to a physician or other official employed by defendant who recognized that plaintiff was suffering from arsenic poisoning caused by this employment.

Nevertheless, the complaint does allege in general terms that defendant knew that plaintiff's physical problems were caused by the arsenic and that his injuries "as reported to the company and well known to them" were aggravated by continued exposure to arsenic in the drums. We are enjoined by statute to liberally construe pleadings with a view to achieving substantial justice between the parties. (Code Civ. Proc., § 452.) These allegations fairly apprise defendant of the basis of plaintiff's action. (See 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 675, pp. 125-126.) Since the complaint alleges that defendant knew plaintiff had contracted arsenic poisoning from his employment and concealed that knowledge from him, thereby aggravating his illness, it is sufficient to state a cause of action under subdivision (b)(2).[4]

■  The complaint also attempts to state a separate cause of action for plaintiff's disease insofar as it was contracted while he was servicing copying machines manufactured by defendant and sold or leased to third parties.

---

guilty of "deliberately concealing" the disease and its connection with the employment.

In a prior portion of the opinion (at p. 474), we state that section 4553 is the sole remedy for additional compensation against an employer for injuries to the employee *in the first instance* resulting from a deliberate failure to assure a safe workplace. However, we go on to hold that aggravation of such injuries by the employer's concealment of their existence justifies a common law action.

[4]In challenging the sufficiency of the complaint, defendant relies on inconsistencies between the third amended complaint and superseded pleadings and trial briefs filed by plaintiff. These inconsistencies relate largely to the question whether plaintiff's allegations were sufficient to allege that he contracted arsenic poisoning in his employment. Plaintiff attempted to explain some of these matters in a declaration filed in connection with the third amended complaint. The trial court did not rule on the adequacy of this explanation, but we are satisfied from an examination of the record below that plaintiff adequately explained the apparent inconsistencies. The third amended complaint alleges that plaintiff suffered arsenic poisoning as a result of working with the drums used in defendant's copying machines.

This work was not performed by plaintiff as an employee of defendant, but on his own time. Plaintiff asserts that by these allegations he has stated a cause of action under subdivision (b)(3) of section 3602.[5] Defendant demurred on the ground that the allegation did not state a cause of action under that provision. The order sustaining the demurrer to the complaint because of the bar of section 3602 also applied to this cause of action.

We need not consider whether plaintiff's allegations are sufficient under subdivision (b)(3),[6] because it is apparent that this independent action is not barred by section 3602 in any event. Subdivision (b)(3) was designed, by its own terms, to allow *an employee* to bring an action at law against his *employer* under certain circumstances. Here, however, plaintiff alleges he was not an employee at the time he suffered the injuries in question. He may, therefore, seek to recover on this independent cause of action without regard to the workers' compensation law. Thus, the court abused its discretion in sustaining the demurrer on the ground that the action was barred by section 3602.

In short, we conclude the demurrers were improperly sustained and the case should go to trial on the merits.

The judgment is reversed.

Bird, C. J., Broussard, J., Reynoso, J., Grodin, J., Lucas, J., and Takei, J.,* concurred.

---

[5]Subdivision (b)(3) provides that an employee may bring an action at law for damages against his employer "Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person."

[6]Defendant asserts that the machines were not furnished to plaintiff for his "use," as required by subdivision (b)(3), because he was not a consumer at the time of the alleged injury, but rather was acting as a repairman.

*Assigned by the Chairperson of the Judicial Council.