979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Treva VANDENBOSCH; Frank Murray; Craig Ogram; Leroy
Pearl; Ron Atkinson Plaintiffs-Appellants,
v.
GEORGIA PACIFIC CORPORATION, Defendant-Appellee.
 No. 91-16202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 16, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Treva Vandenbosch, Frank Murray, Craig Ogram, Leroy Pearl, and Ron Atkinson ("Appellants") appeal from the district court's grant of summary judgment against them on their fraudulent concealment and willful assault tort claims against Georgia Pacific Corporation ("Georgia"). We have jurisdiction under 28 U.S.C. §§ 1291 and 1294. We affirm the district court's grant of summary judgment on the willful assault claim, but reverse as to the fraudulent concealment claim.
 
 I. BACKGROUND
 
 3
 Georgia operates a lumber mill. In an area of the mill called the Quadmill, Georgia operates a piece of machinery known as the "hog." On Saturday, February 11, 1989, a seam in the electrical capacitor attached to the hog broke and dumped four to seven gallons of oil containing PCB's upon Appellant Murray and onto the area surrounding the hog. (CR 59: District Court ("DC") Order at 2).
 
 
 4
 It is undisputed that at the time of the spill, the capacitor displayed a warning label stating that the capacitor contained PCB's. (CR 59: DC Order at 2). Additionally, it is undisputed that old Georgia records show that the hog capacitor contained PCB's at some time in the past, and that the records do not specifically show that the hog capacitor was replaced by another capacitor that did not contain PCB's. (CR 59: DC Order at 3). Finally, it is undisputed that at the time of the spill Appellants and other Georgia employees informed management that they believed the spilled oil contained PCB's. (CR 59: DC Order at 3).
 
 
 5
 Georgia ordered Appellants to continue working in the area of the spill despite Appellants' complaints that exposure to the spilled oil was making them sick and causing them anxiety. (CR 38: Murray Decl. at 2, 3, 5, 6; Vandenbosch Decl. at 2, 3; CR 59: DC Order at 4). On February 13, 1991, after ordering Appellants to work in the contaminated area for two days, Georgia sent a sample of the oil for PCB testing. (CR 59: DC Order at 3). The lab test revealed that the oil contained PCB's. (CR 59: DC Order at 3). Nevertheless, Georgia management ordered Appellants to continue working in the contaminated area. (CR 38: Murray Decl. at 6-7; Vandenbosch Decl. at 6).
 
 
 6
 Appellants claim that Georgia knew that they were injured by their exposure to the spilled oil, but concealed this knowledge from them and thereby aggravated their injuries. Appellants also claim that Georgia specifically intended to injure them by exposing them to the spilled oil. The district court granted Georgia's motion for summary of judgment on both of Appellants' claims. They appeal.
 
 II. SUMMARY JUDGMENT
 
 7
 We review de novo the district court's grant of summary judgment. Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact. Id.
 
 
 8
 The party moving for summary judgment bears the initial burden of identifying those evidentiary materials that it believes demonstrate the absence of any genuine issues of material fact. Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once the moving party meets this burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Id. at 541-42 (quoting Celotex, 477 U.S. at 324).
 
 
 9
 The nonmoving party need not present sufficient evidence to allow the court to decide the issue of material fact in its favor. T.W. Elec. Services, Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). Rather, the nonmoving party need only present enough evidentiary materials to establish the existence of a factual dispute requiring a jury to resolve the parties' differing versions of the facts. Id.
 
 III. FRAUDULENT CONCEALMENT
 
 10
 Appellants contend that the district court erroneously granted Georgia's motion for summary judgment on the fraudulent concealment claim. To establish a fraudulent concealment claim, Appellants must prove that Georgia had actual knowledge that spilled PCB's caused their work-related injuries but concealed such knowledge and thereby aggravated their injuries. Foster v. Xerox Corp., 40 Cal.3d 306, 311-12 (1985). The district court found that Appellants presented insufficient evidence to raise a genuine issue of fact as to whether Georgia had actual knowledge of any injuries resulting from exposure to the oil spill.
 
 
 11
 It is undisputed that at the time of the oil spill, a warning label was prominently displayed on the hog capacitor. The label stated that the capacitor contained PCB's. Additionally, it is undisputed that old Georgia records show that the hog capacitor contained PCB's at some point. Furthermore, it is undisputed that the records do not specifically show that the hog capacitor was replaced by another capacitor that did not contain PCB's.
 
 
 12
 In addition, Appellants presented evidence that Appellants informed Georgia management that their exposure to the spilled oil made them physically sick, and that their continued exposure to the spilled oil was causing them additional physical and psychological injury.[1] Appellants further presented evidence that Georgia management continued to order employees to work in the contaminated area after discovering that the spilled oil contained PCB's.
 
 
 13
 Viewing the record in the light most favorable to the Appellants, the district court erroneously held that no genuine issue of material fact existed as to whether Georgia had actual knowledge of Appellants' injuries caused by the oil spill.[2] Appellants presented enough evidentiary materials to raise a genuine issue of material fact as to whether Georgia had actual knowledge that they each suffered an injury because of their exposure to the spilled oil.
 
 IV. WILLFUL ASSAULT
 
 14
 Appellants also contend that the district court erroneously granted Georgia's motion for summary judgment on the willful assault claim. To establish a claim for willful assault, Appellants must show that Georgia specifically intended to injure them by exposing them to the spilled oil. See Stalnaker v. Boeing Co., 186 Cal.App.3d 1291, 1301 (1986) (evidence that an employer knowingly exposed an employee to a workplace hazard will not establish a willful assault claim).
 
 
 15
 Appellants failed to raise a genuine issue of material fact as to whether Georgia specifically intended to injure them by exposing them to the spilled oil.
 
 
 16
 REVERSED in part, AFFIRMED in part, and REMANDED.
 
 
 
 *
 The Panel unanimously found Vandenbosch v. Georgia Pacific Corporation suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Foster, the California Supreme Court stated that a plaintiff's allegations that he advised his supervisors of certain symptoms of a disease and that the supervisors knew that these symptoms were those of the disease in question were insufficient to allege that the supervisors knew of the plaintiff's disease. Foster, however, involved only the pleading stage of a fraudulent concealment case. Nothing in the Court's opinion suggests that a plaintiff may not establish that his employer knew of his injury by, among other things, presenting evidence that the employer was aware of the symptoms plaintiff was experiencing as a result of his injury. Cf. Johns-Manville Products Corp. v. Contra Costa Super. Ct., 27 Cal.3d 465, 469 (1980) (defendant corporation knew that plaintiff was suffering from pulmonary disease from exposure to asbestos because defendant corporation knew that long exposure to asbestos was dangerous)
 
 
 [2]
 Georgia contends that no issue of material fact exists regarding Georgia's knowledge of Appellants' injuries because, among other things, "[a]ppellants admit in their depositions that Georgia-Pacific did not conceal any injuries from them." (Appellee Georgia's Brief at 23). Appellants' depositions do not contain admissions that Georgia did not conceal Appellants' injuries from them. Rather, Georgia has interpreted certain testimony within Appellant's depositions as containing such an admission. Furthermore, in Radobenko v. Automated Equip. Co., 520 F.2d 540, 543-44 (1975), we held that the necessity of choosing between a nonmoving party's inconsistent sworn statements does not constitute a genuine issue of material fact sufficient to preclude summary judgment. Even if portions of the Appellants' depositions contradict their claim that Georgia knew of their injuries, Appellants' have offered other evidence that establishes a genuine issue of material fact as to whether Georgia knew of their injuries. See Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 267 (1991) ("Radobenko does not apply to every instance when a later affidavit contradicts deposition testimony")