[No. B054692. Second Dist., Div. One. Jan. 28, 1993.]

WILLIE J. DAVIS, Plaintiff and Appellant, v.
LOCKHEED CORPORATION, Defendant and Respondent.

**COUNSEL**

Simke, Chodos, Silberfeld & Anteau and Roman M. Silberfeld for Plaintiff and Appellant.

O'Melveny & Myers, Gordon E. Krischer, Framroze M. Virjee and Steven M. Cooper for Defendant and Respondent.

## Opinion

**VOGEL (Miriam A.), J.**—We affirm a summary judgment granted against plaintiff Willie J. Davis in his personal injury action against his former employer, defendant Lockheed Corporation.

### Facts

Davis was employed by Lockheed from 1952 to 1985 in a variety of jobs, all of which exposed him to various chemicals, including asbestos. In 1981, Davis began to lose his voice and he consulted his personal physician who, in turn, referred him to a specialist, Sol Silberstein, M.D. Davis told Silberstein that, through his work, he had been exposed to asbestos and other chemicals. In June 1981, a biopsy revealed that Davis had laryngeal cancer. He received radiation therapy and was off work for several months.

When Davis returned to work in November 1981, he told Lockheed's medical department personnel that he had been "out for cancer of the vocal cords." But although he believed at that time that his cancer might have been caused by "chemicals or asbestos," he did not tell anyone at Lockheed about his suspicions and he never refused to work with asbestos or any other chemical. He did, however, complain to his supervisors and to the safety engineer that asbestos was unsafe and was improperly handled by Lockheed's employees, and he frequently complained about the chemicals.

Davis continued to see Silberstein on a regular basis but was symptom-free between 1981 and 1984. In June 1984, Davis's symptoms returned. Medical tests disclosed a recurrence of his cancer, and his larynx and vocal cords were removed.

In 1986, Davis filed this action against Lockheed, alleging fraud, negligence and a variety of other theories. Lockheed answered and in 1990 successfully moved for summary judgment on the ground that Davis's claim was barred by the exclusivity provisions of the Workers' Compensation Act (Lab. Code, § 3601 et seq.)[1] Davis appeals.

### Discussion

Davis contends there is a triable issue of fact concerning his claim for damages for the aggravation of his cancer following his return to work in 1981. We disagree.

As a general rule, an employee injured in the course of employment is limited to the remedies available under the Workers' Compensation Act.

---

[1]All section references are to the Labor Code.

(*Foster* v. *Xerox Corp.* (1985) 40 Cal.3d 306, 308 [219 Cal.Rptr. 485, 707 P.2d 858].) But there are exceptions to this general rule, and the one on which Davis relies in this case permits an employee to pursue a civil action when his "injury is aggravated by the employer's fraudulent *concealment of the existence of the injury* and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation." (§ 3602, subd. (b)(2), italics added; *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 477 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]; *Foster* v. *Xerox Corp., supra,* 40 Cal.3d at p. 308; *McDonald* v. *Superior Court* (1986) 180 Cal.App.3d 297, 300-301 [225 Cal.Rptr. 394].) As the cases demonstrate, Davis's reliance on this exception is misplaced.

In *Johns-Manville*, the court found sufficient a complaint alleging that the employer had fraudulently *concealed* from the plaintiff information about the danger of asbestos and its relation to his ailments (the plaintiff was treated only by doctors engaged by the employer). (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 469, 477.) In *Foster*, the court found sufficient a complaint alleging that the employer, knowing the plaintiff's ailments were caused by arsenic used in his work, fraudulently *concealed* from him information suggesting his illness was work-related (he reported his symptoms to his supervisors but did not consult his doctor). (*Foster* v. *Xerox Corp., supra,* 40 Cal.3d at pp. 309, 312.) In *McDonald*, the court found the plaintiff's allegations sufficient to support a claim for punitive damages because he alleged his employer intentionally *concealed* information about the dangers of asbestos (the plaintiff was treated by doctors retained by the employer). (*McDonald* v. *Superior Court, supra,* 180 Cal.App.3d at pp. 300, 303.)

■■■ Unlike *Johns-Manville, Foster* and *McDonald*, this is not a pleading case—it is an appeal from a summary judgment and the question is whether the evidence, not bare allegations, supports Lockheed's judgment. It does. Lockheed established by uncontroverted evidence that, since the early 1960's, Davis knew about the possible health problems arising from exposure to asbestos and the other chemicals used in the course of his work (he served as his union safety steward for about 20 years). The treatment Davis sought in 1981 was from his own physicians, not from doctors retained by Lockheed, and Davis told his doctors about his exposure to asbestos and other chemicals and discussed with them the possible relationship of asbestos to his cancer.

It is undisputed that Davis knew of the existence of his illness and its relationship to asbestos long before anyone at Lockheed knew he was sick or

had any information that his illness might be work-related. By Davis's own testimony, it is clear that Lockheed did not learn of his illness until after he returned to work in late 1981 and no one at Lockheed knew at that time that there was any connection between his illness and his exposure at work to asbestos or other chemicals. There is nothing at all in the record to suggest that Lockheed withheld *any* information relevant to Davis's condition or its aggravation after he returned to work. Moreover, Davis admittedly knew the danger and nevertheless returned to work and voluntarily subjected himself to continuing exposure to asbestos and the other chemicals.

Accordingly, the exception of subdivision (b)(2) of section 3602, which requires a showing of fraudulent *concealment* on which the employee *relied* (*Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 469-470) and which, by its express terms, permits a civil suit for damages only for the *aggravation* of the initial injury, not the initial injury itself, cannot as a matter of law apply to Davis. (*Gray* v. *America West Airlines, Inc.* (1989) 209 Cal.App.3d 76, 81 [256 Cal.Rptr. 877].)[2]

## DISPOSITION

The judgment is affirmed.

Ortega, Acting P. J., and Aranda, J.,* concurred.

---

[2]In his reply brief, Davis complains about Lockheed's reliance on his testimony (his admissions that Lockheed did not know about his injury until he returned to work in late 1981 and that he did not communicate to Lockheed his belief that asbestos caused his illness and that he had no reason at all to believe that Lockheed knew the cause of his illness at any time prior to the filing of this lawsuit). Davis wants us to ignore his admissions because (he claims) stronger and more persuasive evidence could have been submitted by Lockheed, apparently in the form of declarations by its own employees (Davis is a bit vague). Davis misses the point.

This was a motion for summary judgment, and Lockheed met its burden of proof by presenting admissible evidence (Davis's admissions) establishing that it did not know anything (and thus could not have concealed anything). The burden then shifted to Davis to rebut this contention (*United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 338-339 [282 Cal.Rptr. 368]) but he failed to do so. Accordingly, there is no reason to doubt Davis's admissions or to preclude Lockheed's reliance on those admissions.

*Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.