Phyllis TOKERUD, Plaintiff–Appellant,

v.

PACIFIC GAS & ELECTRIC COMPANY; General Electric Co; Bechtel Corporation; Electric Power Research Institute, Inc.; Westinghouse Electric Corporation; Empire State Atomic Development Associates, Inc.; Consolidated Edison Company of New York, Inc.; Central Hudson Gas and Electric Corporation; Long Island Lighting Company; New York State Electric and Gas Corporation; Niaga-

ra Mohawk Power Corporation; Orange and Rockland Utilities, Inc.; Rochester Gas & Electric Corporation, Defendants–Appellees.

Phyllis Tokerud, Plaintiff–Appellant,

and

Empire State Electric Energy Research Corporation, dba Empire State Atomic Development Associates, Inc., Intervenor,

v.

Pacific Gas & Electric Company; General Electric Co; Bechtel Corporation; Electric Power Research Institute, Inc.; Westinghouse Electric Corporation; Consolidated Edison Company of New York, Inc; Central Hudson Gas and Electric Corporation; Long Island Lighting Company; New York State Electric and Gas Corporation; Niagara Mohawk Power Corporation; Orange and Rockland Utilities, Inc.; Rochester Gas & Electric Corporation, Defendants–Appellees.

Nos. 00–16903, 00–16904.
D.C. No. CV–98–01409–CW.
D.C. No. CV–94–1230–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2001.

Decided Dec. 27, 2001.

Before PREGERSON and RAWLINSON, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM **

Phyllis Tokerud appeals the district court's grant of summary judgment in favor of defendants on her claims of loss of consortium and wrongful death. Mrs. Tokerud also appeals the district court's denial of her discovery motions, motions for sanctions, and other motions.

■ Defendants are not liable for any injury Mr. Tokerud may have received while working at the nuclear power plant. General Electric ("GE") is protected under the exclusive remedy of California's Workers' Compensation Act. *See Kennedy v. Southern California Edison Co.,* 268 F.3d 763, 767 (9th Cir.2001); *Hughes Aircraft Co. v. Superior Court,* 44 Cal.App.4th 1790, 1794, 52 Cal.Rptr.2d 514, 516 (1996). Mrs. Tokerud has not shown that GE actually knew of Mr. Tokerud's injuries so as to be liable under the fraudulent concealment exception. *See Foster v. Xerox*

---

\* The Honorable Charles Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Corp.,* 40 Cal.3d 306, 219 Cal.Rptr. 485, 707 P.2d 858, 861 (Cal.1985).

■ The remaining defendants ("Non–Licensees") are not liable because they owed no duty to Mr. Tokerud, as GE had sole responsibility for the radiation safety at the nuclear power plant and the electric steam generator. *See Toland v. Sunland Housing Group, Inc.,* 18 Cal.4th 253, 74 Cal.Rptr.2d 878, 955 P.2d 504, 513 (Cal. 1998). The Non–Licensees did not have a right to control the actions of GE or share profits and losses with GE, so as to make them liable under a joint enterprise theory. *See Jackson v. East Bay Hosp.,* 246 F.3d 1248, 1262 (9th Cir.2001); *Orosco v. Sun–Diamond Corp.,* 51 Cal.App.4th 1659, 1664–71, 60 Cal.Rptr.2d 179, 183–87 (1997). Bechtel Corporation is not liable because defendants did not provide expert testimony showing the construction, manufacture or design of the power plant was defective. *See Miller v. Los Angeles County Flood Control Dist.,* 8 Cal.3d 689, 106 Cal.Rptr. 1, 505 P.2d 193, 201–02 (Cal.1973); *Campbell v. General Motors Corp.,* 32 Cal.3d 112, 184 Cal.Rptr. 891, 649 P.2d 224, 231–32 (Cal.1982).

Because Mrs. Tokerud's recovery is limited by the California Workers' Compensation Act, and she has failed to establish liability on the part of the defendants, we need not consider Mrs. Tokerud's other arguments in support of her claim that the district court erred when entering summary judgment in favor of defendants.

The district court also did not err by failing to compel GE and Pacific Gas & Electric Company to respond to Mrs. Tokerud's discovery requests before entering summary judgment. Mrs. Tokerud has not provided any evidence that GE failed to produce all the dosimetry records that were within its custody, possession or control. *See Terrell v. Brewer,* 935 F.2d 1015, 1017–18 (9th Cir.1991). Mrs. Tokerud's interrogatories did not identify specific information that would be essential to defeat defendants' summary judgment motion. Those discovery requests, therefore could not preclude the entry of summary judgment under Rule 56(f). *See Harris v. Duty Free Shoppers Ltd.,* 940 F.2d 1272, 1276 (9th Cir.1991); *see also Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518–19 (9th Cir.1987).

■ The district court did not err in denying Mrs. Tokerud's motions for monetary sanctions based on GE's failure to prevent another company from destroying that company's duplicate copies of dosimetry records. Mrs Tokerud provided no evidence to contradict testimony from GE's custodian of records that the destroyed records were copies of documents that GE maintained, and had provided in discovery. *See Ingham v. United States,* 167 F.3d 1240, 1246 (9th Cir.1999).

■ The district court properly ruled that Mrs. Tokerud's request to exclude defendants' experts' testimony based on defendants' alleged disclosure of mediation documents in violation of a confidentiality agreement was moot. The district court did not rely on the defendants' experts' testimony in granting summary judgment. However, the district court abused its discretion by failing to address the issue of monetary sanctions based on defendants' alleged disclosure of mediation documents to their experts in violation of a confidentiality agreement. *See Erickson v. Newmar Corp.,* 87 F.3d 298, 303–04 (9th Cir. 1996).

The district court appropriately denied Mrs. Tokerud's motion for a scheduling order. The requested scheduling order would have unnecessarily delayed the hearing on the dispositive motions. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998). The district court also did not abuse its discretion in declining to appoint

an independent technical advisor. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 843 (9th Cir.2001).

Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of defendants. We **REVERSE** the district court with respect to the issue of monetary sanctions for breach of the confidentiality agreement and **REMAND** the matter to the district court for its consideration. In all other respects, the district court's rulings are **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.