[No. B153798. Second Dist., Div. Six. Feb. 3, 2003.]

DARCY M. JENSEN, Plaintiff and Appellant, v.
AMGEN INC., Defendant and Respondent.

**COUNSEL**

Robertson, Vick & Capella, Robertson & Vick, Alexander Robertson IV and Janice M. Michaels for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Paul W. Cane, Jr., David M. Walsh and Geoffrey T. Stover for Defendant and Respondent.

## OPINION

**COFFEE, J.**—An employee brought a tort action against her employer for injuries she allegedly suffered as a result of her exposure to toxic mold in the workplace. The trial court granted summary adjudication of her claim on the ground that workers' compensation was her exclusive remedy. It rejected the argument that the case was governed by Labor Code section 3602, subdivision (b)(2),[1] which allows an employee to maintain an action at law when the employer has fraudulently concealed the employee's injury. We affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiff and appellant Darcy M. Jensen is employed by defendant and respondent Amgen Inc. as a module team coordinator. In January of 1999, her assignment required her to assist scientists and researchers in buildings 5 and 15. In March of 2000, she visited Amgen's occupational nurse complaining of sinus headaches, skin rashes and fatigue. Jensen told the nurse and her supervisors that she believed she was allergic to laboratory animals. A safety report prepared by Jensen at the direction of the nurse identified the cause of her symptoms as "Working in [buildings 5 and 15] with animals. Smells specifically of urine, feces, bedding and food."

Amgen transferred Jensen out of buildings 5 and 15 shortly after the safety report was filed. Jensen filed a workers' compensation claim. On April 28, 2000, she told a doctor who was investigating this claim that exposure to the animals had made her ill, but her health problems had diminished since her transfer.

In July of 2000, a mushroom was discovered in building 5. Environmental testing revealed the presence of toxic mold, although the reports concluded that the airborne levels of mold inside the building were lower than they were outside. Amgen informed the occupants of building 5 about the mold and began taking steps to remove it. Mold had also been discovered in the air delivery system of building 5 in 1997, at which time portions of that system were cleaned.

Jensen took a medical leave of absence from September 8, 2000, until June 21, 2001. On September 28, 2000, she filed a civil suit against Amgen

[1] All statutory references are to the Labor Code.

alleging that her symptoms had been caused by the mold in building 5. Her complaint included causes of action for fraudulent concealment of injuries under section 3602, subdivision (b)(2), battery and unfair business practices.

Amgen moved for summary judgment or summary adjudication of issues on the ground that workers' compensation provided the exclusive remedy for Jensen's injuries. Jensen conceded that her battery claim was barred, and the trial court granted summary adjudication in Amgen's favor on the fraudulent concealment claim. Jensen voluntarily dismissed her claim for unfair business practices and appealed the judgment subsequently entered in favor of Amgen.

## DISCUSSION

Jensen challenges the trial court's summary adjudication of her claim for fraudulent concealment under section 3602, subdivision (b)(2). Having reviewed the ruling de novo (*American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1048 [117 Cal.Rptr.2d 685]), we conclude that the conditions necessary for a fraudulent concealment claim do not exist and that Amgen was entitled to judgment in its favor as a matter of law.

An employee injured during the course of employment is generally limited to remedies available under the Workers' Compensation Act. (*Foster v. Xerox Corp.* (1985) 40 Cal.3d 306, 308 [219 Cal.Rptr. 485, 707 P.2d 858]; *Davis v. Lockheed Corp.* (1993) 13 Cal.App.4th 519, 521 [17 Cal.Rptr.2d 233].) Section 3602, subdivision (b)(2) provides a narrow exception to this exclusivity rule and allows a civil suit "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. . . ." This provision was enacted in 1982 and codifies the common law fraudulent concealment exception that was enunciated by our Supreme Court in *Johns-Manville Products Corp. v. Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].

Three conditions are necessary for the fraudulent concealment exception to apply: (1) the employer must have concealed "the existence of the injury"; (2) the employer must have concealed the connection between the injury and the employment; and (3) the injury must have been aggravated following the concealment. (*Hughes Aircraft Co. v. Superior Court* (1996) 44 Cal.App.4th 1790, 1794 [52 Cal.Rptr.2d 514].) If any one of these conditions is lacking, the exception does not apply and the employer is entitled to judgment in its favor. (*Id.* at p. 1797.)

 Summary judgment was properly granted in this case because Amgen did not conceal the existence of Jensen's injury. Jensen herself knew of her symptoms before anyone at Amgen did. "It is not enough . . . to rely on evidence from which a trier of fact might conclude [that the employer] should have known of [the employee's] injuries before they were reported; only evidence of actual knowledge would raise an issue of fact precluding the grant of summary judgment." (*Hughes Aircraft Co. v. Superior Court, supra*, 44 Cal.App.4th at p. 1797; see also *Ashdown v. Ameron Internat. Corp.* (2000) 83 Cal.App.4th 868, 879-880 [100 Cal.Rptr.2d 20].)

In *Hughes*, the plaintiffs were employees who suffered a number of ailments due to their exposure to chemicals in the workplace. The employer had received similar complaints from other employees, and tried to solve the problem by removing chemicals from a cooling tower in the building. The plaintiffs' symptoms continued and they filed a civil suit alleging that their injuries fell within the fraudulent concealment exception of section 3602, subdivision (b)(2). (*Hughes Aircraft Co. v. Superior Court, supra*, 44 Cal.App.4th at p. 1793.)

The trial court denied the employer's motion for summary judgment, despite undisputed evidence that the plaintiffs knew about their symptoms before their employer did. (*Hughes Aircraft Co. v. Superior Court, supra*, 44 Cal.App.4th at pp. 1794-1795.) The appellate court issued a writ of mandate directing the trial court to grant the motion. It observed, "Contrary to the [trial] court's statement, [the employer's] prior knowledge of its unsafe work environment and the potential risks to its employees, even if it could be proven, would be insufficient to establish section 3602, subdivision (b)(2) liability. The first consideration is whether there are triable issues of fact concerning [the employer's] *actual prior knowledge of plaintiffs' injuries*. Only if the answer is yes would the court consider whether the employer concealed those injuries and their relationship to the work environment from plaintiffs." (*Id.* at p. 1797.) As in *Hughes*, there is no evidence that Amgen actually knew of Jensen's injury before she did or concealed its existence from her. (See also *Davis v. Lockheed Corp., supra*, 13 Cal.App.4th at p. 523.) The first condition necessary for a fraudulent concealment claim is absent.

Jensen argues that *Hughes* was wrongly decided, because an employee will almost always discover an injury before the employer does. She claims the fraudulent concealment exception will be rendered a nullity if it is only applied to cases in which the employer first discovers the injury. We agree that the exception is extremely limited, but it is intended to be. It was first recognized in *Johns-Manville Products Corp. v. Superior Court, supra*,

27 Cal.3d 465, in which an employee suffering from asbestosis alleged that his employer had fraudulently concealed that he was suffering from a work-related disease, thereby preventing him from receiving treatment for the disease and inducing him to work under hazardous conditions. The court concluded that these facts, if proven, would support tort recovery under a fraudulent concealment theory, but emphasized that this exception to the exclusivity of workers' compensation would apply to few situations: "[W]e cannot believe that many employers will aggravate the effects of an industrial injury by not only deliberately concealing its existence but also its connection with the employment." (*Id.* at p. 478.)

Nor did Jensen present evidence of the second condition necessary for the fraudulent concealment exception, namely, that Amgen concealed the connection between her symptoms and her employment. Jensen initially informed Amgen personnel that she believed she was allergic to the animals in the buildings where she worked, and she was reassigned to a different work location as a result of her complaint. She was the first person to associate her symptoms with mold after she learned that it had been discovered in building 5. She argues that her supervisors were aware that mold had been discovered in building 5 several years earlier and *should* have realized that exposure to mold was the likely cause of her illness, but she has presented no evidence suggesting they actually made that connection. (See *Davis v. Lockheed Corp., supra*, 13 Cal.App.4th at pp. 522-523.)

Jensen analogizes her case to *Barth v. Firestone Tire and Rubber Co.* (N.D.Cal. 1987) 673 F.Supp. 1466, in which the employee claimed that his immune system was compromised due to his exposure to workplace chemicals and that his employer had concealed information about the effect of those chemicals. Although the fraudulent concealment exception provided one basis for allowing that lawsuit to proceed, *Barth* was a pleadings case and concerned only the plaintiff's ability to state a cause of action under section 3602, subdivision (b)(2). (See *Barth*, at p. 1471.) It provides no guidance here, where the undisputed evidence establishes that two of the three conditions necessary for the fraudulent concealment exception do not exist. Other cases relied upon by Jensen, such as *Foster v. Xerox Corp., supra*, 40 Cal.3d 306; *Johns-Manville Products Corp. v. Superior Court, supra*, 27 Cal.3d 465; and *Palestini v. General Dynamics Corp.* (2002) 99 Cal.App.4th 80 [120 Cal.Rptr.2d 741], were similarly pleadings cases in which the plaintiffs had adequately alleged the three conditions necessary for the fraudulent concealment exception to apply.

Jensen complains that toxic mold is a particularly insidious problem that is uniquely susceptible to concealment. She argues that the law should allow a

tort remedy in cases where mold is the cause of a workplace injury, even when the employee is the first to learn of the injury. This amounts to a policy argument for extending the fraudulent concealment exception beyond the plain language of section 3602, subdivision (b)(2), which requires concealment, i.e., actual knowledge, of both "the existence of the injury *and* its connection with the employment." (Italics added; see *Hughes Aircraft Co. v. Superior Court, supra*, 44 Cal.App.4th at p. 1795.) ■ "[O]ur courts have uniformly resisted requests that they rewrite the statutory language to achieve a perceived legislative or public policy goal." (*Mercury Ins. Co. v. Vanwanseele-Walker* (1996) 41 Cal.App.4th 1093, 1103 [49 Cal.Rptr.2d 28].)

The judgment is affirmed. Costs are awarded to respondent Amgen.

Gilbert, P. J., and Yegan, J., concurred.