Don McDANIELS, Plaintiff–Appellant,

v.

MOBIL OIL CORPORATION,
Defendant–Appellee.

No. 05–55225.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed April 30, 2007.

Karen A. Larson, Esq., Century Law Group, Los Angeles, CA, for Plaintiff-Appellant.

Samuel C. Taylor, Esq., J. Chris Sweeney, Esq., Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, Los Angeles, CA, for Defendant-Appellee.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

After appellant Don McDaniels was terminated from his job at a refinery operated by appellee Mobil Oil ("Mobil") in 2000, he sued for wrongful termination and disability discrimination. Prior to trial, Mobil filed a motion in limine to exclude on collateral estoppel grounds any evidence and arguments related to "environmental issues" litigated in an earlier state court action resolved against McDaniels. The district court granted the motion without explanation, the jury subsequently entered a verdict for Mobil, and McDaniels now appeals. He argues that the district court's pre-trial decision to exclude evidence was in error. We agree, and reverse as to the retaliation claim. We affirm on the discrimination claim, however, because the evidentiary error was harmless as to that claim.

## A. Collateral Estoppel

■ California rules of issue preclusion apply in this diversity action. *See Jacobs*

*v. CBS Broadcasting, Inc.*, 291 F.3d 1173, 1177 (9th Cir.2002); *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994) ("Because this is a diversity case, we apply the collateral estoppel rules of the forum state."). In California, collateral estoppel precludes a party from litigating issues decided in a prior proceeding when certain threshold requirements are fulfilled:

> ■ the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; [2] this issue must have been actually litigated in the former proceeding; [3] it must have been necessarily decided in the former proceeding; [4] the decision in the former proceeding must be final and on the merits; [5] the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Gikas v. Zolin*, 6 Cal.4th 841, 849, 25 Cal. Rptr.2d 500, 863 P.2d 745 (1993) (internal quotation marks omitted). Here, the state court's decision on McDaniels's intentional tort claim did not necessarily decide the environmental issues excluded by the district court, so the third requirement is conclusive.

For an issue to have been "necessarily decided" under California law, the issue must "not have been 'entirely unnecessary' to the judgment in the initial proceeding." *Lucido v. Superior Court*, 51 Cal.3d 335, 342, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990). Here, the environmental matters Mobil sought to preclude from the present suit were "entirely unnecessary" to the final determination of McDaniels's toxic tort case.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In the state court's order granting summary judgment, it stated that "[e]ach cause of action ... is barred by the workers' compensation exclusive remedy doctrine." This statutory doctrine, embodied in California Labor Code section 3602, "dictates that an employee injured during the course of employment is generally limited to remedies available under the Workers' Compensation Act." *Jensen v. Amgen, Inc.*, 105 Cal.App.4th 1322, 1325, 129 Cal.Rptr.2d 899 (2003) (citing *Foster v. Xerox Corp.*, 40 Cal.3d 306, 308, 219 Cal. Rptr. 485, 707 P.2d 858 (1985)). By deciding on preemption grounds, the state court did not need to reach the factual issues that Mobil sought to exclude in its motion in limine in this case, such as whether Mobil failed to maintain equipment properly, exposed its employees to chemicals, violated environmental and workplace safety regulations, and concealed worker injuries.

Mobil suggests that the environmental issues were not "entirely unnecessary" in the previous case because the state court's preemption decision stated that none of the exceptions contained in California Labor Code section 3602(b) applied to McDaniels's claim. The exceptions, however, have many requirements, as to only one of which were the environmental issues possibly pertinent. Also, McDaniels never argued in state court for application of an exception to workers' compensation preemption premised on any of the environmental issues he now seeks to introduce. Because the state court could have held all the exceptions inapplicable without rejecting McDaniels's factual representations regarding the environmental matters, the validity of those factual representa-

tions were not "necessarily decided" by the state court judgment.

Mobil argues alternatively that the district court's decision to exclude evidence on the "environmental issues" can be affirmed under Federal Rule of Evidence 403. The record is clear, however, that the district court granted the motion in limine on collateral estoppel grounds, not because it exercised its discretion under Rule 403.[1] Even if the district court had excluded the evidence on such grounds, it likely would have abused its discretion, as the evidence was central to McDaniels's claim and any resulting impact stemmed from its probative value rather than from improper, prejudicial considerations. As a result, exclusion of this evidence was in error.

## B. Harmless Error

Once we conclude that the district court erred by excluding evidence, the federal rules permit reversal only if there was prejudice to the losing party. *See Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir.2005) (citing FED.R.EVID. 103(a); FED.R.CIV.P. 61). The prejudice standard this circuit applies in civil cases is consistent with the standard it applies to nonconstitutional errors in criminal cases: "we must reverse ... unless it is more probable than not that the error did not materially affect the verdict." *Id.* at 701 (internal quotation marks omitted). Thus, as a practical matter, "when reviewing the effect of erroneous evidentiary rulings, we will begin with a presumption of prejudice. That presumption can be rebutted by a showing that it is more probable than not that the jury would have reached the same verdict even if the evidence had been admitted." *Id.*

1. This dialogue is representative of the district court's treatment of the "environmental issues" excluded at trial:

[MOBIL]: Objection. It's barred by the collateral estoppel motion.
THE COURT: Sustained.

Because there were two claims brought to trial, we address the harmless error analysis separately with respect to each.

■ *First,* the erroneous evidentiary ruling prejudiced McDaniels with respect to the wrongful termination claim. As reflected in the Pretrial Conference Order, to prove this claim McDaniels was required to show that his complaints regarding the unsafe conditions he was exposed to *"were true* or he reasonably believed them to be true." (Emphasis added). *See Flait v. N. Am. Watch Corp.,* 3 Cal. App.4th 467, 477, 4 Cal.Rptr.2d 522 (1992) (explaining that one crucial issue in a retaliatory termination claim is the reasonableness of the employee's belief that he was opposing unlawful activity). Because McDaniels made complaints that directly related to the environmental issues covered by the motion in limine, the district court's decision to exclude this evidence left McDaniels little opportunity to demonstrate that his complaints were true. As the presumption of prejudice runs again Mobil, reversal is proper.

■ *Second,* with respect to the discrimination claim, Mobil sufficiently demonstrated that it was more probable than not that the jury would have reached the same verdict even if the evidence had been admitted. None of the facts that McDaniels needed to establish, such as whether Mobil offered him proper accommodations or participated in a good faith interactive process, would have been affected by the excluded evidence, as the elements of the discrimination claim involved very different matters. *See Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 255–56, 102 Cal. Rptr.2d 55 (2000). The jury's determination that Mobil had not discriminated against him on the basis of disability therefore need not be set aside.

**REVERSED** in part, **AFFIRMED** in part, **REMANDED.** The parties shall bear their own costs on appeal.