Filed 6/17/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARIA CHAVEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALCO HARVESTING, LLC,<br>et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B329282<br>(Super. Ct. No. 22CV00331)<br>(Santa Barbara County) |

Plaintiff Maria Chavez appeals after the trial court sustained without leave to amend the demurrer of Defendant Alco Harvesting, LLC (Alco). Plaintiff alleged her husband died of COVID-19 complications after contracting the disease while working for Alco. Plaintiff contends the court erred in finding her second amended complaint failed to plead sufficient facts under the fraudulent concealment exception to the workers' compensation exclusivity rule. We agree. Construing the order sustaining the demurrer without leave to amend as a final judgment, we will reverse and remand with instructions to (1) vacate the order granting Alco's demurrer and (2) enter a new order overruling that demurrer.

FACTUAL AND PROCEDURAL BACKGROUND

As we explain in the discussion section below, our review is de novo, and we treat the demurrer as admitting all material facts properly pleaded. Accordingly, we draw our factual summary from plaintiff's second amended complaint.

Plaintiff is the widow of Leodegario Chavez Alvarado (decedent), who worked for Alco as a foreman and bus driver. Alco provided decedent and other Alco workers housing at the Hotel Santa Maria. 210 Nicholson, LLC (210 Nicholson)[1] operated the hotel. Some Alco employees were placed in close living quarters that precluded social distancing. Alco was aware such placement facilitated the transmission of COVID-19.

"It was no surprise that a COVID-19 outbreak soon began at the Hotel Santa Maria." Alco and 210 Nicholson became aware of a COVID-19 outbreak at the hotel well before decedent's viral exposure. The outbreak was unknown to decedent. Alco failed to report the outbreak to the health department, notify its employees, or "implement adequate safety measures or measures to prevent or curb the outbreak."

Decedent began feeling ill on or about June 26, 2020, and his symptoms "were those associated with a COVID-19 infection." Decedent immediately reported feeling unwell to his supervisors. Plaintiff alleged that by virtue of their superior knowledge regarding the outbreak, "Defendants knew, even before [d]ecedent, that he had contracted the virus." Plaintiff further alleged decedent "was unaware that he had contracted COVID-19. However, upon notifying them of his symptoms, Alco and 210 Nicholson had actual knowledge of [d]ecedent's illness . . . ." Alco

_____

[1] Plaintiff also named 210 Nicholson as a defendant, but this appeal does not directly relate to that entity.

nonetheless failed to inform decedent of the outbreak or that his symptoms "were that of COVID-19."

Decedent tested positive for COVID-19 on July 2, 2020, a week after he had reported his symptoms to Alco. On that date, decedent was placed at a Motel 6. Decedent waited for medication to arrive, but none did. On July 7, 2020, he died of COVID-19 complications. Plaintiff alleged that because of the outbreak, decedent "was exposed to COVID-19 and fell ill. Alco's deliberate concealment of the outbreak and the nature of decedent's illness resulted in the aggravation of his illness to the point that he was unable to recover and succumbed to the disease."

The trial court sustained Alco's demurrer to the second amended complaint (SAC) without leave to amend. Plaintiff appeals.

DISCUSSION

*Appealability*

While plaintiff's notice of appeal references a judgment of dismissal, the record contains none. Thus, plaintiff appears to appeal the order sustaining Alco's demurrer. (See *Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019.) "Orders sustaining demurrers are not appealable." (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) "Nevertheless, in the interest of judicial economy, we may construe the order sustaining the demurrer without leave to amend as a final appealable judgment." (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069.) We do so here.

*Standard of Review*

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges

3

facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

*Analysis*

Plaintiff argues her SAC sufficiently pleaded all elements of the fraudulent concealment exception to the workers' compensation exclusivity rule. We agree.

"As a general rule, an employee injured in the course of employment is limited to the remedies available under the Workers' Compensation Act." (*Davis v. Lockheed Corp.* (1993) 13 Cal.App.4th 519, 521.) An exception exists "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment . . . ." (Lab. Code, § 3602, subd. (b)(2).)[2] Thus, three elements comprise this exception: "(1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment." (*Palestini v. General Dynamics Corp.* (2002) 99 Cal.App.4th 80, 90 (*Palestini*); see also *Jimenez v. Mrs. Gooch's Natural Food Markets, Inc.* (2023) 95 Cal.App.5th 645, 658.) The employer must have actual knowledge of the injury; constructive or

---

[2] All statutory references are to the Labor Code unless otherwise noted.

imputed knowledge is insufficient. (*Hughes Aircraft Co. v. Superior Court* (1996) 44 Cal.App.4th 1790, 1796.)

In *Foster v. Xerox Corp.* (1985) 40 Cal.3d 306 (*Foster*), the California Supreme Court analyzed the pleading requirements for the fraudulent concealment exception. There, the plaintiff claimed he contracted arsenic poisoning from operating his employer's machinery. (*Id.* at p. 309.) The defendant asserted the complaint failed to allege the employer knew the plaintiff had contracted arsenic poisoning. (*Id.* at p. 312.)

The Court disagreed, observing "the complaint does allege in general terms that defendant knew that plaintiff's physical problems were caused by the arsenic and that his injuries 'as reported to the company and well known to them' were aggravated by continued exposure to arsenic in the drums." (*Foster*, *supra*, 40 Cal.3d at p. 312.) The Court recognized the statutory injunction to "liberally construe pleadings with a view to achieving substantial justice between the parties." (*Ibid.*; Code Civ. Proc., § 452.) The Court concluded the complaint fairly apprised the defendant of the action's basis. "Since the complaint alleges that defendant knew plaintiff had contracted arsenic poisoning from his employment and concealed that knowledge from him, thereby aggravating his illness, it is sufficient to state a cause of action under [Labor Code section 3602,] subdivision (b)(2)." (*Foster*, at p. 312, footnote omitted.)

Construing the pleadings liberally as *Foster* did, plaintiff's SAC fairly apprised Alco of the action's basis—namely, that Alco knew decedent had contracted COVID-19 from his employment and concealed that knowledge from him, thereby aggravating his illness.

5

As to the knowledge prong, plaintiff alleged decedent contracted COVID-19 because of the outbreak at the Hotel Santa Maria. The SAC alleged Alco knew, "even before [d]ecedent," that decedent had contracted COVID-19 by virtue of Alco's awareness of the outbreak. These allegations indicate Alco "knew that [decedent] had suffered a work-related injury." (*Palestini*, *supra*, 99 Cal.App.4th at p. 90.) Like the defendant in *Foster*, Alco argues the SAC failed to allege actual knowledge. Under *Foster*, however, plaintiff may plead Alco's knowledge in "general terms." (*Foster*, *supra*, 40 Cal.3d at p. 312.) Plaintiff did so multiple times in the SAC.

Alco asserts the SAC is contradictory as to knowledge because it "alleges that [d]ecedent was aware of his illness before [Alco]." Alco notes the SAC alleged decedent fell ill, and his symptoms "were those associated with a COVID-19 infection." However, awareness of symptoms does not entail knowledge of their cause. (Cf. *Foster*, *supra*, 40 Cal.3d at p. 312 [complaint sufficient even though plaintiff reported symptoms to his supervisor].) The SAC did not allege decedent knew he was suffering from COVID-19 at that time. It did allege that Alco was aware of the COVID-19 outbreak among its employees living at the hotel; thus, when decedent reported feeling unwell to his supervisors, Alco knew, "even before [d]ecedent, that he had contracted the virus."

Alco also faults the SAC for failing to specify information like decedent's close contact or proximity to the outbreak. However, such specific details are not required given the allegations may be pleaded in general terms under *Foster*. (See *Palestini*, *supra*, 99 Cal.App.4th at p. 92 [Plaintiffs were "required to plead only ultimate facts, not evidentiary facts . . ."].)

The SAC's allegations satisfy the second prong of concealment. The pleading alleged Alco failed to report the COVID-19 outbreak to the health department, notify its employees, or implement measures to prevent or curb the outbreak. The failure to notify decedent of the outbreak, and that his reported symptoms were that of COVID-19, concealed the nature of his illness. Alco contends failure to notify does not satisfy the exception. *Foster* refutes this contention: "[T]he failure to disclose facts may constitute fraud if the party with knowledge has a duty to make disclosure. . . . It is unassailable that an employer who knows that an employee has contracted a disease in the course of his employment has a duty to advise the employee of that fact. [Section 3602, subdivision (b)(2)] provides for an action at law for aggravation of a disease resulting from such concealment." (*Foster*, *supra*, 40 Cal.3d at pp. 309-310.)

Alco also argues plaintiff does not allege it "fraudulently concealed the alleged massive outbreak with the intent to induce [d]ecedent to continue working for any benefit." This argument fails because the intent to extract more labor is simply not a requirement of the fraudulent concealment exception.

The SAC sufficiently pleaded the final prong of aggravation. The SAC alleged a week elapsed between decedent reporting his symptoms to Alco and a positive COVID-19 test. He died five days after that positive test. The SAC alleged "Alco's deliberate concealment of the outbreak and the nature of [d]ecedent's illness resulted in the aggravation of his illness to the point that he was unable to recover and succumbed to the disease." Alco faults the SAC's references to aggravation as conclusory. This critique ignores *Foster*'s guidance that we should liberally construe the SAC, which may be pleaded in

7

general terms.  (Cf. *Palestini, supra,* 99 Cal.App.4th at pp. 89-90.)
In sum, the SAC survives Alco's demurrer because it states a
cause of action under section 3602, subdivision (b)(2).[3]

DISPOSITION

Construing the order sustaining the demurrer without
leave to amend as a final judgment, we reverse that judgment.
Upon remand, the trial court is directed to (1) vacate its order
granting Alco's demurrer and (2) enter a new order overruling
that demurrer.  Plaintiff shall recover her costs on appeal.

CERTIFIED FOR PUBLICATION.


CODY, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

---

[3] We refuse Alco's invitation to dismiss the appeal due to
the late filing of plaintiff's opening brief.  While plaintiff missed a
deadline, her filing complied with this court's subsequent notice
of default.  (See Cal. Rules of Ct., rule 8.220.)

Timothy J. Staffel, Judge
Superior Court County of Santa Barbara

_____

Blair & Ramirez, Oscar Ramirez, Matthew P. Blair, David Osorio, and Kirill Levinsky for Plaintiff and Appellant.

Fisher & Phillips, Alden J. Parker, Rebecca Hause-Schultz, Ryan M. Harrison, and Heather M. Domingo, for Defendant and Respondent, Alco Harvesting, LLC.