[No. D037590. Fourth Dist., Div. One. June 7, 2002.]

LOUIE PALESTINI et al., Plaintiffs and Appellants, v.
GENERAL DYNAMICS CORPORATION et al., Defendants and
Respondents.

**COUNSEL**

Mark O. Stern, Debra L. Back; Boyce & Schaefer and Laura G. Schaefer for Plaintiffs and Appellants.

Luce, Forward, Hamilton & Scripps, Charles A. Bird and Timothy R. Pestotnik for Defendant and Respondent General Dynamics Corporation.

Latham & Watkins, Mark S. Pulliam and Erik S. Bliss for Defendant and Respondent Hughes Missile Systems Company.

## Opinion

**NARES, Acting P. J.**—Plaintiffs and appellants Louie Palestini and Darla Palestini (together the Palestinis), who are husband and wife, appeal from a judgment of dismissal following the court's sustaining without leave to amend of a general demurrer to their amended complaint in this personal injury and loss of consortium action against Louie Palestini's former employers, defendants and respondents General Dynamics Corporation and Hughes Missile Systems Company (together defendants). This appeal involves application of Labor Code[1] section 3602, subdivision (b)(2) (hereafter section 3602(b)(2)), an exception to the exclusive remedy provisions of the California Workers' Compensation Act.[2] That subdivision provides that an employee may bring an action at law for damages against the employer *"[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."* (Italics added.).

Louie Palestini filed a second amended complaint against defendants seeking damages for injuries (including, but not limited to, testicular cancer) allegedly caused by his chronic exposure at work to carcinogenic chemicals. Darla Palestini joined the lawsuit seeking loss of consortium damages. In their statutory cause of action under section 3602(b)(2) for fraudulent concealment resulting in aggravation of an industrial injury, the Palestinis allege that as a result of Louie Palestini's continuous exposure to carcinogenic chemicals at work during the period of more than 10 years he worked for defendants, he developed skin rashes and discoloration, which he reported to his supervisors, and the carcinogens entered his body through skin lesions and inhalation. They also allege defendants knew, but fraudulently concealed from Louie Palestini, that the chemicals to which he was exposed at work contained carcinogens, and his skin problems were a precursor to the development of the types of cancer that he later developed, thereby aggravating his work-related injuries. The Palestinis further allege that Louie Palestini inquired at work whether certain chemicals were safe for him to

---

[1] All further statutory references are to the Labor Code unless otherwise specified.
[2] See footnote 8, *post.*

use, and he was repeatedly told the chemicals were safe and would not harm him.

Hughes, joined by General Dynamics, filed a general demurrer to challenge the legal sufficiency of the cause of action for fraudulent concealment on the ground it is barred by the exclusive remedy provisions of the Workers' Compensation Act (§ 3200 et seq.). The Palestinis opposed the demurrer, arguing they had stated facts sufficient to constitute a cause of action under section 3602(b)(2).

The court sustained defendants' demurrer to the first cause of action without leave to amend and eventually entered judgments of dismissal of the action in their favor following the Palestinis' unsuccessful attempt to amend their pleading to state a different claim. The Palestinis appeal from the judgments of dismissal.

The sole issue presented is whether the Palestinis' second amended complaint states facts sufficient to constitute a cause of action for fraudulent concealment resulting in aggravation of Louie Palestini's work-related injuries within the meaning of section 3602(b)(2). We conclude it is sufficient for pleading purposes under that statute. Accordingly, we reverse the judgments of dismissal.

### Factual Background[3]

From March 1982 to June 1992, Louie Palestini worked as a plastics fabricator, group leadman, and supervisor at General Dynamics's manufacturing plants in San Diego. From June 1992 through January 1994, he worked in the same positions for Hughes. During those years, Louie Palestini was continuously overexposed at work to certain identified solvents and other chemicals that defendants allegedly knew could be absorbed through the skin and cause cancer in various organs, such as the lungs, liver, and the urinary tract. Although some of his supervisors instructed him to wear gloves, the gloves would disintegrate and provide little or no protection against the absorption and toxicity of the carcinogenic chemicals.

As a result of Louie Palestini's overexposure to those chemicals, the carcinogens entered his body and caused him to develop skin rashes and

---

[3]Because this is an appeal from judgments of dismissal following the sustaining of defendants' demurrer to the Palestinis' second amended complaint without leave to amend, for purposes of our review we treat the demurrer as admitting the factual allegations set forth in that pleading. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58], discussed *post*.) Accordingly, the following summary of the factual background of the instant case is derived primarily from those allegations.

discoloration that he reported to his supervisors. He and his fellow employees tried to minimize the rashes by using barrier creams, wearing plastic sleeves, and wrapping their arms in rags or plastic wrap. Wrapping his arms often made the rashes worse.

Defendants allegedly knew they were overexposing Louie Palestini and other employees to carcinogenic chemicals and also knew the overexposure would probably cause damage to them. Defendants fraudulently concealed from Louie Palestini that the chemicals to which he was exposed contained carcinogens and that his skin problems were a precursor to the development of the types of cancer that he later developed, thereby aggravating his work-related injuries. He and other employees inquired as to whether it was safe for them to use the chemicals, and they were repeatedly told the chemicals were safe and would not harm them.

Unaware of the danger and deprived of the opportunity to either take proper precautions to avoid exposure to the chemicals or seek alternative employment where such exposure was eliminated or minimized, Louie Palestini sustained long-term chronic exposure to carcinogens that caused him to contract cancer. In October 1995, he underwent surgical removal of a testicle and was diagnosed with testicular cancer and stage III metastasis to the abdominal and chest areas of his body. He underwent chemotherapy and additional surgeries for the removal of cancerous growths around his prostate, heart and lungs. Although his cancer is currently in remission, he suffers from chronic medical problems as a result of the cancer and its treatment.

### PROCEDURAL BACKGROUND

In his second amended complaint, Louie Palestini brought a claim against defendants under section 3602(b)(2) (discussed, *ante*) for aggravation of work-related injuries by fraudulent concealment,[4] seeking damages for the injuries (including, but not limited to testicular cancer) he suffered allegedly as a result of his chronic industrial exposure to carcinogenic chemicals. His wife, Darla Palestini, joined the lawsuit seeking loss of consortium damages.

Hughes, joined by General Dynamics, filed a general demurrer to the section 3602(b)(2) cause of action on the ground it was barred by the exclusive remedy provisions of the Workers' Compensation Act (§ 3200 et seq.).

---

[4]The second amended complaint asserted two claims against defendants: wrongful fraudulent concealment (first cause of action) and violations of Business and Professions Code section 17200 (second cause of action). The second claim is not at issue in the instant appeal.

The Palestinis opposed defendants' demurrer, arguing that for purposes of section 3602(b)(2) their amended pleading stated facts sufficient to constitute a cause of action for fraudulent concealment and aggravation of Louie Palestini's work-related injuries. Specifically, the Palestinis argued that Louie Palestini was entitled under section 3602(b)(2) "to bring an action at law for damages for aggravation of his injuries caused by defendants' fraudulent concealment that [his] skin problems and overexposure to chemicals were a precursor injury to cancer caused by his exposure to carcinogens and co-carcinogens at the workplace." They also asserted that "[i]ssues of proof surrounding defendants' actual knowledge of the circumstances regarding [Louie Palestini's] injury and aggravation of the injury, are questions of fact."

Sustaining defendants' demurrer without leave to amend,[5] the court found that the Palestinis had "failed to plead that Hughes and/or [General Dynamics] 'had actual prior knowledge of [Louie Palestini's] injuries' as required pursuant to [section 3602(b)(2)] and *Hughes Aircraft Co. v. Superior Court* (1996) 44 Cal.App.4th 1790, 1797 [52 Cal.Rptr.2d 514] (*Hughes Aircraft Co.*)." The court also found that "[w]hether [Louie Palestini's] 'injury' is construed to be a skin condition, rash or cancer, [the Palestinis] have not pled that Hughes or [General Dynamics] was aware of any of these injuries prior to [Louie Palestini's] discovery of the injury." It rejected the Palestinis' assertion that the defendants were not required by law to be unaware of Louie Palestini's injuries at the time defendants first learned of those injuries. The court stated that the Palestinis' arguments suggested an improperly expansive reading of section 3602(b)(2), and that the court was required to narrowly construe that subdivision under the decision in *Soares v. City of Oakland* (1992) 9 Cal.App.4th 1822, 1830 [12 Cal.Rptr.2d 405] (*Soares*).[6] The court also stated that "[t]he nature and manner of the facts [pleaded] in

---

[5]Although the court sustained without leave to amend defendants' general demurrer to the Palestinis' claim under section 3602*(b)(2)* as alleged in their *second* amended complaint, it granted them leave to amend their pleading to allege facts showing that defendants intentionally caused injury to Louie Palestini within the meaning of section 3602, subdivision (b)*(1)*, which sets forth another exception to the exclusive remedy provisions of the Workers' Compensation Act and provides: "(b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) *Where the employee's injury or death is proximately caused by a willful physical assault by the employer.*" (Italics added.) The Palestinis filed a *third* amended complaint, in which Louie Palestini attempted to state a claim against defendants for willful physical assault under that subdivision. In a ruling that is not directly at issue in the instant appeal, the court sustained without leave to amend defendants' general demurrer to the Palestinis' third amended complaint.

[6]*Soares* involved a tort action for battery by a city jail employee against the city and a fellow employee based on an incident in which the fellow employee intervened in an altercation between the plaintiff and a prisoner. (*Soares, supra,* 9 Cal.App.4th at pp. 1824-1825.) The Court of Appeal in *Soares* affirmed a jury verdict in favor of the defendants,

[the Palestinis' second amended] complaint lead the Court to conclude that leave to amend would not be appropriate in this regard because [the Palestinis] have not suggested that either Hughes or [General Dynamics] was aware of any injury prior to [Louie Palestini] learning of his injury."

The court thereafter entered judgments of dismissal of the entire action in favor of defendants. The Palestinis' timely appeal followed.

## STANDARD OF REVIEW

■ The standard of review on appeal from a judgment dismissing an action after the sustaining of a demurrer without leave to amend is well established. The reviewing court gives the complaint a reasonable interpretation and treats the demurrer as admitting all properly pleaded material facts. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318). The reviewing court does not, however, assume the truth of contentions, deductions or conclusions of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" (*Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 21 [157 Cal.Rptr. 706, 598 P.2d 866].) It is error, however, for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817].)

## DISCUSSION

### A. *Applicable Legal Principles*

■ "As a general rule, an employee injured in the course of employment is limited to the remedies available under the Workers' Compensation Act."

---

holding (among other things) that a physical act of aggression is only "willful" for purposes of section 3602(b)(1) (see text in fn. 5, *ante*) when the act is "deliberately intended to injure." (*Soares, supra,* 9 Cal.App.4th at p. 1826.) In so holding, the *Soares* court relied on this court's decision in *Eckis v. Sea World Corp.* (1976) 64 Cal.App.3d 1 [134 Cal.Rptr. 183] (*Eckis*). (*Soares, supra,* 9 Cal.App.4th at p. 1830.)

In *Eckis,* we stated: "Where a reasonable doubt exists as to whether an act of an employee is contemplated by the employment, or as to whether an injury occurred in the course of the employment, section 3202 requires courts to resolve the doubt against the right of the employee to sue for civil damages and in favor of the applicability of the Compensation Act." (*Eckis, supra,* 64 Cal.App.3d at p. 7; see also 1 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed., Tancor edit., 2001) Injury and Employment, § 4.05[1], p. 4-28 ["When an employee seeks to avoid the exclusive remedy provisions of the Compensation Act by bringing a civil suit against the employer, the courts do not resolve reasonable doubts in favor of the employee, but rather in favor of the applicability of the Act." (fns. omitted)].)

(*Davis v. Lockheed Corp.* (1993) 13 Cal.App.4th 519, 521-522 [17 Cal.Rptr.2d 233], citing *Foster v. Xerox Corp.* (1985) 40 Cal.3d 306, 308 [219 Cal.Rptr. 485, 707 P.2d 858] (*Foster*).)

In *Foster*, the California Supreme Court explained that "[a]n employee who suffers an injury in the course of his employment may recover damages in an action at law only if he comes within certain exceptions to the workers' compensation law." (*Foster, supra,* 40 Cal.3d at p. 308, citing §§ 3600 & 3602.) The high court also explained that "[o]ne of these exceptions is embodied in [section 3602(b)(2)[7].] It provides that an action at law may be brought '[w]here the employee's *injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment*, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation.' " (*Foster, supra,* 40 Cal.3d at p. 308, fn. omitted, italics added.)

### Foster

The Supreme Court's decision in *Foster, supra,* 40 Cal.3d 306, necessarily guides our analysis because the high court first interpreted section 3602(b)(2) in that case (see *Hughes Aircraft Co., supra,* 44 Cal.App.4th at pp. 1795-1796), and *Foster* continues to represent the high court's most recent interpretation of the essential pleading requirements that must be met to state a claim under that statute.

In *Foster*, which was factually similar to the instant case, the plaintiff filed an amended complaint against his former employer seeking to recover damages for the aggravation of his work-related injuries. (*Foster, supra,* 40 Cal.3d at p. 309.) The high court summarized the *Foster* plaintiff's allegations: "Plaintiff was employed by defendant for 11 years as a service technician to maintain and repair equipment manufactured by defendant. This machinery incorporated a drum that was unsafe for its intended use because it contained a large amount of arsenic, a poisonous substance.

---

[7]Section 3602(b)(2) provides in its entirety: "(b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] . . . [¶] (2) *Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer.*" (Italics added.)

As our high state court noted in *Foster*, section 3602(b)(2) was enacted in 1982 (Stats. 1982, ch. 922, § 6, p. 3367) as a codification of its decision in *Johns-Manville Products Corp. v. Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758] (*Johns-Manville*). (See *Foster, supra,* 40 Cal.3d at p. 310.)

Defendant did not warn plaintiff of the presence of the arsenic, nor did it safeguard him from its effects. As a result, he suffered *symptoms of arsenic poisoning* beginning several years after his employment. [¶] These symptoms were *reported to his supervisor* in 1978 and 1981. Although *defendant knew that 'the reported symptoms* of plaintiff to his supervisor *were symptoms of arsenic poisoning,'* and that plaintiff's physical problems were caused by the arsenic, *it failed to warn him that the disease was aggravated with the passage of time, and it fraudulently concealed from him that his injuries were connected with his employment.* In December 1982, plaintiff's symptoms became so severe that he was forced to terminate his employment, and it was at this time that his doctor told him that he was suffering from *arsenic poisoning* caused by his work and *aggravated by his continued exposure to the arsenic* used in the drums." (*Ibid.,* italics added.)

The defendant employer demurred to the complaint on the ground the allegations were insufficient to state a cause of action for fraudulent concealment under section 3602(b)(2), and the action was barred by the exclusive remedy provisions set forth in section 3602.[8] (*Foster, supra,* 40 Cal.3d at p. 309.) The defendant maintained the plaintiff's allegations were insufficient because the term "fraudulent concealment" as used in section 3602(b)(2) applied only when an employer affirmatively misrepresented the employee was injury-free, and the plaintiff had failed to allege the defendant made misrepresentations designed to conceal from him the fact that he suffered from arsenic poisoning caused by his employment. (*Foster, supra,* at p. 309.) The trial court agreed and sustained the demurrer without leave to amend, and the plaintiff appealed from the judgment of dismissal. (*Ibid.*)

In a unanimous decision, the Supreme Court in *Foster* reversed the judgment of dismissal. (*Foster, supra,* 40 Cal.3d at p. 313.) Citing its earlier decision in *Johns-Manville, supra,* 27 Cal.3d 465, which the Legislature codified in the provisions of section 3602(b)(2), the high court rejected the defendant's contention that affirmative misrepresentations by the employer are required to state a cause of action under section 3602(b)(2). (*Foster, supra,* 40 Cal.3d at p. 311.) Noting that in *Johns-Manville* the plaintiff's action at law for aggravation of his asbestos-related disease was justified by his allegations that the employer concealed the dangers of the workplace, the Supreme Court stated that section 3602(b)(2) "reflects this holding by its reference to 'fraudulent concealment.' " (*Foster, supra,* 40 Cal.3d at p. 311.)

---

[8]Subdivision (a) of section 3602 provides: "Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer."

The *Foster* court then turned to the factual allegations set forth in the complaint and addressed the defendant's assertion that the pleading was defective because it failed to allege the defendant had knowledge that the plaintiff had contracted arsenic poisoning. (*Foster, supra,* 40 Cal.3d at p. 312.) The court explained that "[s]uch knowledge is essential to establish a claim under [section 3602(b)(2)] because defendant obviously could not be charged with concealing matters which it did not know. [Citation.]" (*Foster, supra,* 40 Cal.3d at p. 312.) The high court stated that the plaintiff's allegations that he had advised his supervisors in 1978 and 1981 that he was suffering from certain symptoms and that the defendant knew the symptoms were those of arsenic poisoning, were "insufficient to allege that defendant knew of plaintiff's disease." (*Ibid.*) The court explained that "[t]here [was] no allegation that the supervisors to whom these symptoms were reported were aware of their significance, or that they reported plaintiff's condition to a physician or other official employed by defendant who recognized that plaintiff was suffering from arsenic poisoning caused by this employment." (*Ibid.*)

Notwithstanding this apparent deficiency in the allegations in the complaint, the *Foster* court noted that the complaint did sufficiently allege "*in general terms* that defendant knew that plaintiff's physical problems were caused by the arsenic and that his injuries 'as reported to the company and well known to them' were aggravated by continued exposure to arsenic in the drums." (*Foster, supra,* 40 Cal.3d at p. 312, italics added.)

Concluding that the complaint sufficiently alleged "in general terms" that the defendant employer knew of the plaintiff's arsenic poisoning disease and that the injuries the plaintiff had reported to his supervisor were aggravated by continued exposure to arsenic at work, the *Foster* court explained that "[w]e are enjoined by statute to liberally construe pleadings with a view to achieving substantial justice between the parties." (*Foster, supra,* 40 Cal.3d at p. 312, citing Code Civ. Proc., § 452.[9]) The Supreme Court reasoned as follows: "These allegations fairly apprise defendant of the basis of plaintiff's action. [Citation.] Since the complaint alleges that *defendant knew plaintiff had contracted arsenic poisoning from his employment and concealed that knowledge from him, thereby aggravating his illness,* it is sufficient to state a cause of action under [section 3602(b)(2)]." (*Foster, supra,* 40 Cal.3d at p. 312, italics added.)

*Foster* thus holds that an employee seeking to state a cause of action against an employer under section 3602(b)(2) must "in general terms" plead

[9]Code of Civil Procedure section 452 provides: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

facts that if found true by the trier of fact, establish the existence of three essential elements: (1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment. (*Foster, supra,* 40 Cal.3d at p. 312.) *Foster* also holds that in determining whether the allegations in a complaint are legally sufficient under section 3602(b)(2), the trial court must liberally construe the pleading with a view to achieving substantial justice between the parties. (*Foster, supra,* 40 Cal.3d at p. 312; Code Civ. Proc., § 452.)

B. *Analysis*

Applying the foregoing principles, we conclude the Palestinis' second amended complaint stated facts sufficient to constitute a cause of action for fraudulent concealment resulting in aggravation of Louie Palestini's alleged work-related injuries within the meaning of section 3602(b)(2).

1. *First Foster pleading requirement*

Under the first *Foster* pleading requirement (discussed, *ante*), the Palestinis were required to plead "in general terms" facts showing that defendants knew that Louie Palestini had suffered a work-related injury. (*Foster, supra,* 40 Cal.3d at p. 312.)

The Palestinis met this first pleading requirement. In their amended complaint, they allege facts showing that Louie Palestini was injured at work by chronic overexposure to carcinogenic chemicals. Specifically, they allege:

—During the years defendants employed him, Louie Palestini was continuously overexposed at work to chemical compounds containing carcinogens and co-carcinogens;

—Defendants failed to provide protective devices and ventilation to prevent his exposure to those chemical compounds;

—Although some of his supervisors instructed him to wear gloves, the gloves would disintegrate and provide little or no protection against the absorption and toxicity of the carcinogenic chemicals;

—Toxins entered his body as a result of his exposure to those chemicals, and he and his fellow workers developed skin rashes, irritations, discoloration and numerous reactions to the chemicals;

—The chronic overexposure to carcinogenic chemicals damaged "the protective barrier of the skin," which allowed those chemicals to be directly absorbed into the body through the skin and lungs;[10]

—Defendants never informed Louie Palestini of his overexposure to those chemicals or the damage such overexposure caused;

—On several occasions, Louie Palestini inquired at work as to whether certain chemicals were safe for him to use, and he was repeatedly told the chemicals were safe and would not cause him any harm; and

—The toxins that entered his body were substantial factors in "bringing about . . . [his] cancer."

Defendants contend that Louie Palestini's alleged injuries consisted only of (1) skin conditions in the form of rashes, dermatitis, and discoloration, and (2) metastasized testicular cancer that was diagnosed after his employment with defendant ended and resulted in the surgical removal of a testicle and additional surgeries to remove cancer around his prostate, heart and lungs. Liberally construing the foregoing factual allegations, however, as we must (*Foster, supra,* 40 Cal.3d at p. 312; Code Civ. Proc., § 452), we reject this contention and conclude the Palestinis have sufficiently pleaded facts showing that as an alleged result of chronic overexposure to carcinogenic chemicals at work during the many years he was employed by defendants, Louie Palestini suffered an industrial injury in the form of skin damage (which he characterizes as "a breakdown in his dermal barrier") that, unknown to him, permitted those toxic chemicals to be injuriously absorbed into his body. A fair reading of the amended complaint as a whole shows the Palestinis are also claiming that during a latency period that culminated with the diagnosis of his cancer after his employment ended,[11] the continuing chronic overexposure to carcinogenic chemicals that followed the initial

---

[10]In their appellants' opening brief, the Palestinis referred to this injury as "a breakdown in [Louie Palestini's] dermal barrier."

[11]The amended complaint alleges that Louie Palestini was employed by General Dynamics through June 1992, and was employed by Hughes through January 1994. It also alleges in paragraph 19 that Louie Palestini developed a swollen testicle more than a year later in March 1995, and it was not until October 1995 that he underwent surgery for removal of a testicle and was diagnosed with testicular cancer and stage III metastasis to the abdominal and chest areas. The Palestinis further allege in paragraphs 19 and 20 that Louie Palestini underwent chemotherapy beginning in November 1995; and beginning in January 1996 and continuing through April 1996, he was hospitalized several times and underwent additional surgeries to remove the cancer around his prostate, heart and lungs. A fair reading of the amended complaint thus shows that the Palestinis allege that Louie Palestini's cancer is an aggravation of a work-related injury that he first learned about in October 1995, one year and nine months after his employment ended.

injury caused further harm in the form of unspecified internal physiological injuries that ultimately developed into diagnosable metastatic testicular cancer. Because the Palestinis are required to plead only ultimate facts, not evidentiary facts, and they have sufficiently alleged in general terms both the nature of Louie Palestini's initial industrial injury and the element of causation between the defendants' alleged concealment (discussed, *post*) of that injury (including the medical significance of the continued overexposure to carcinogenic chemicals) and the development of diagnosable cancer, they are not required to specifically plead the nature of the internal physiological process by which the cancer developed. We note that although the pleaded *skin rashes and discoloration* may be viewed as work-related injuries that Louie Palestini reported to the defendants through his supervisors, they also may be viewed as *symptoms* of the alleged dermal barrier breakdown and related injurious absorption of toxic chemicals that together constitute the initial industrial injury of which he was not aware.

The Palestinis also met their burden of pleading "in general terms" facts showing that defendants *knew* that Louie Palestini was being harmed by chronic overexposure to carcinogenic chemicals, and thus had suffered a work-related injury. Specifically, the Palestinis allege:

—Louie Palestini and other employees "were exposed to chemicals that were known to [defendants] to diminish the protective barrier of the skin causing absorption into the body and/or to be directly absorbed through the lungs and skin and into the body";

—Defendants "were well aware that the chemicals used by their employees could cause certain injuries, including skin irritations and reactions, and that [Louie Palestini] and other employees experienced continuing skin problems because of their exposure to the chemicals";

—Defendants "were further aware . . . that the skin problems [Louie Palestini] and other employees were suffering from were a precursor to the development of specific types of cancer which are caused by exposure to Chemical Substances that contain carcinogens and co-carcinogens";

—Louie Palestini complained about the skin rashes to his supervisor in 1982 and 1983, and he complained about the skin discoloration to his supervisor in 1986.

—Defendants knew they were overexposing him to carcinogens and knew this overexposure "would cause, more probably than not, damage to [him]"; and

—Defendants "knew there was a high probability [Louie Palestini] would develop cancer if [his] chronic exposure to the Chemical Substances continued."

An employer's *actual* knowledge of the existence of an employee's injury connected with the employment is a necessary prerequisite to establishing a claim against the employer for fraudulent concealment under section 3602(b)(2). (*Foster, supra,* 40 Cal.3d at p. 312; *Ashdown v. Ameron Internat. Corp.* (2000) 83 Cal.App.4th 868, 880 [100 Cal.Rptr.2d 20].) This principle is based on the rationale that an employer cannot be held liable under section 3602(b)(2) for concealing something of which it had no knowledge. (*Foster, supra,* at p. 312.)

Here, the allegations that Louie Palestini reported to his *supervisors* that he was suffering from skin rashes and other symptoms, and that defendants "knew" he was being overexposed to carcinogenic chemicals and were "aware" those symptoms were a "precursor" to the development of cancer, are technically insufficient to allege that defendants had actual knowledge that Louie Palestini was suffering a "dermal barrier" injury and consequent injurious absorption of carcinogenic chemicals into his bloodstream through chronic overexposure to such chemicals. (See *Foster, supra,* 40 Cal.3d at p. 312.) However, as already discussed, we are required by well-settled statutory and case law authorities to liberally construe the Palestinis' pleading with a view to achieving substantial justice between the parties. (Code Civ. Proc., § 452; *Foster, supra,* 40 Cal.3d at p. 312). The *Hughes Aircraft Co.* case, *supra,* 44 Cal.App.4th 1790, on which defendants rely, involved a ruling in a summary judgment proceeding based on evidence. The instant appeal, however, arose out of the court's ruling on the legal sufficiency of the allegations set forth in the Palestinis' amended complaint. We conclude that the Palestinis' general allegations that defendants knew Louie Palestini's physical problems were caused by his exposure at work to carcinogenic chemicals, that he reported those problems to his supervisors, and that defendants were "well aware" his exposure to those chemicals could harm him, are sufficient for pleading purposes to show that defendants knew he had suffered a work-related injury. (See *Foster, supra,* 40 Cal.3d at p. 312.)

### 2. *Second Foster pleading requirement*

Under the second *Foster* pleading requirement, the Palestinis were required to allege "in general terms" facts showing that defendants concealed their knowledge that Louie Palestini had suffered a work-related injury. (*Foster, supra,* 40 Cal.3d at p. 312.)

A review of the Palestinis' second amended complaint shows they met this second *Foster* pleading requirement. They alleged:

—Defendants "were aware of the causal relationship between [Louie Palestini's] . . . precursor conditions and the development of specific types of cancer which [he] developed, yet fraudulently concealed this knowledge from [him]";

—Defendants "concealed from its employees the identity of chemical compounds they were working with and the fact that those chemicals were carcinogens and/or co-carcinogens";

—Defendants "never informed [Louie Palestini] and his co-workers of their overexposure [to chemicals] or the damage such overexposure caused";

—On several occasions, Louie Palestini inquired at work as to whether certain chemicals were safe for him to use, and he was repeatedly told the chemicals were safe;

—Defendants "concealed the causal relationship and significance in chemical exposures, the development of skin conditions, including rashes, other forms of dermatitis, and skin discoloration, and [Louie Palestini's] contraction of cancer";

—Defendants' acts and omissions "were done falsely and fraudulently . . . with the intent to induce [Louie Palestini] to continue to work in a dangerous environment and without safeguards, protections, warnings, proper medical care and procedures aimed at reducing the risk of exposure . . . ."; and

—Louie Palestini "was ignorant of the risks involved and would not have continued to work under such conditions, or to use the products in the manner or form requested by defendants . . . if [he] had known the true facts."

If found true by the trier of fact, the allegations would establish that defendants concealed their knowledge that Louie Palestini was chronically overexposed at work to carcinogenic chemicals and as a result of that exposure he was being injured by those chemicals.

*Hughes Aircraft Co.*

Defendants contend the Palestinis have not alleged, and cannot allege, facts showing that defendants concealed the existence of Louie Palestini's work-related injuries (which they claim are limited to the skin injuries and cancer) because the Palestinis are required under the decision in *Hughes*

*Aircraft Co., supra,* 44 Cal.App.4th 1790, to allege facts showing that defendants knew of the injuries *before* Louie Palestini knew of them.[12] They further contend the Palestinis have not alleged, and cannot allege, facts sufficient to state a cause of action under section 3602(b)(2) because (1) the factual allegations set forth in the amended complaint admit that Louie Palestini knew about his rashes, dermatitis and skin discoloration when they occurred, before he reported them to his supervisors; and (2) the Palestinis have not alleged, and cannot allege, that defendants actually knew that Louie Palestini had cancer at a time when he did not know he had that disease. We reject these contentions for several reasons.

First, defendants' contentions are based on the premise that Louie Palestini's work-related injuries consisted only of his skin rashes and discoloration, and the testicular cancer. For reasons already discussed, however, a fair reading of the Palestinis' pleading shows that Louie Palestini's alleged work-related injuries were not limited to those skin conditions, which he claims he reported to his supervisors in 1982-1983 and 1986, and the cancer, which was diagnosed in October 1995 more than a year *after* his employment terminated in January 1994.[13] Louie Palestini's alleged work-related injuries also included dermal barrier breakdown allegedly caused by chronic long-term overexposure at work to carcinogenic chemicals, which resulted in the injurious absorption of carcinogens into his body through inhalation and skin contact with the chemicals. In this regard, the instant case is similar to the *Foster* case (discussed, *ante*), which involved allegations that the defendant employer knew that certain symptoms the plaintiff reported to his supervisor were symptoms of arsenic poisoning and concealed that knowledge from the plaintiff, thereby aggravating his illness through continued exposure to the arsenic. (See *Foster, supra,* 40 Cal.3d at p. 309.)

Second, defendants' contentions are also based on the premise that the Palestinis have not alleged, and cannot allege, that defendants actually knew about all of Louie Palestini's alleged work-related injuries at a time when he did not know about them. Although the Palestinis allege in their amended complaint that Louie Palestini complained to his supervisors about certain work-related skin conditions, there are no allegations to show that during the time he was employed by defendants, Louie Palestini reported or even knew that he was suffering "dermal barrier" injuries and related harmful absorption of carcinogenic chemicals through chronic exposure to the subject chemicals, or that he had contracted cancer. For reasons already discussed, we conclude the Palestinis have sufficiently alleged facts showing for pleading purposes that defendants knew that Louie Palestini was being

---

[12]See footnote 14, *post.*
[13]See footnote 11, *ante.*

injured through chronic overexposure to carcinogenic chemicals and concealed that knowledge from him. In this regard, we again note the Palestinis' allegation that Louie Palestini inquired at work whether certain chemicals were safe for him to use, and he was repeatedly told the chemicals were safe and would not harm him.

Third, defendants' reliance on *Hughes Aircraft Co., supra,* 44 Cal.App.4th 1790, is misplaced. Unlike the instant case, *Hughes Aircraft Co.* involved a summary judgment proceeding.[14] (*Id.* at p. 1793.) Because *Hughes Aircraft Co.* did not address the *pleading* requirements that must be met to state a cause of action under section 3602(b)(2), it is procedurally distinguishable and inapposite. As already noted, the instant appeal is governed by the Supreme Court's decision in *Foster, supra,* 40 Cal.3d 306.

### 3. *Third Foster pleading requirement*

Under the third and last *Foster* pleading requirement, the Palestinis were required to allege "in general terms" facts showing that Louie Palestini's work-related injuries were aggravated as a result of defendants' alleged fraudulent concealment of their knowledge of the existence of the injuries. (*Foster, supra,* 40 Cal.3d at p. 312.) A review of the Palestinis' pleading shows they met this pleading requirement. The amended complaint alleges:

—"As a result of [Louie Palestini's] continuous exposure to [the] chemical compounds, . . . toxins entered [his] body. Each toxin that entered [his] body was a substantial factor in bringing about, prolonging, and aggravating [his] cancer";

[14]In the *Hughes Aircraft Co.* case, the plaintiffs sought damages under section 3602(b)(2) for work-related respiratory illnesses (including asthma, upper airway irritation, and dysphonia) they allegedly suffered as a result of exposure to various chemical substances, and the defendant employer moved for summary judgment. The evidence presented during the summary judgment proceeding showed the plaintiffs had reported to the defendant's health and safety department and medical personnel certain symptoms, such as headaches, sore throats, fatigue, sinus problems, chest pain and coughing. (*Hughes Aircraft Co., supra,* 44 Cal.App.4th at pp. 1792-1793.) Concluding that the trial court erroneously denied the defendant's summary judgment motion, the Court of Appeal stated that "it is undisputed [the defendant] *first learned of plaintiffs' injuries from plaintiffs themselves.* Therefore, plaintiffs will be unable to prove defendant concealed the existence of their injuries and will be unable to prevail." (*Id.* at p. 1794, italics added.) The Court of Appeal also stated: "[Section 3602(b)(2)] is inapt here because there is no evidence to support a finding [the defendant] knew about the injuries *before being told by plaintiffs.*" (*Hughes Aircraft Co., supra,* 44 Cal.App.4th at p. 1795, italics added.) The *Hughes Aircraft Co.* case is factually distinguishable in that it did not involve an alleged work-related cancer injury or other disease for which there is typically an extended latency period between exposure to a toxic substance in the work environment and the development of clinically diagnosable symptoms.

—As a result of defendants' alleged acts of concealment, "[Louie Palestini] and his co-workers were deprived of the opportunity to take proper precautions to avoid exposure to such chemicals and/or seek alternative employment where such exposure was eliminated and/or minimized";

—"As a proximate result, [Louie Palestini] alleges he sustained long term chronic exposure to carcinogens that caused his cancer"; and

—"As a proximate result of the acts and omissions of the defendants, . . . [Louie Palestini] contracted cancer thereby further injuring [his] health, strength and activity . . . ."

The foregoing allegations, if found true by the trier of fact, would establish that as a result of defendants' alleged acts of concealment (discussed, *ante*), Louie Palestini was deprived of the opportunity to take proper precautions to avoid exposure to the carcinogenic chemicals at work and, as a proximate result, he continued to be chronically exposed to those chemicals, thereby prolonging and aggravating his alleged industrial injury and eventually resulting in his contraction of cancer. For purposes of section 3602(b)(2), the testicular cancer, the surgical removal of a testicle, the stage III metastatic cancer in the abdominal and chest areas, and the surgeries for the removal of cancerous growths around his prostate, heart and lungs constitute the alleged aggravation of Louie Palestini's industrial injury as pleaded in the amended complaint. Such allegations are sufficient to satisfy the third *Foster* pleading requirement.

### Conclusion

The factual allegations set forth in the Palestinis' amended complaint sufficiently allege (paraphrasing *Foster, supra,* 40 Cal.3d at p. 312) that "[*defendants*] *knew that* [*Louie Palestini's*] *physical problems were caused by* [*carcinogenic chemicals*] *and that his injuries 'as reported to* [*defendants*] *and well known to them' were aggravated by continued exposure to* [*the carcinogenic chemicals*]." We hold that Louie Palestini has alleged facts sufficient to constitute a cause of action under section 3602(b)(2), and Darla Palestini has properly asserted a related claim for loss of consortium damages.

In so holding, we find additional support in the well-reasoned decision rendered in *Barth v. Firestone Tire & Rubber Co.* (N.D.Cal. 1987) 673 F.Supp. 1466 (*Barth*), which is factually similar to the instant case. In *Barth*, the plaintiff brought a class action lawsuit against his former employer, a

leading tire manufacturer, seeking damages under section 3602(b)(2) for aggravation of a work-related injury resulting from the defendant's alleged acts of fraudulent concealment. (*Barth, supra,* 673 F.Supp. at pp. 1468, 1475.) The plaintiff alleged: (1) he had suffered an injury to his immune system and was further injured through the increased risk of cancer and the presence of diseases in their latency stage; (2) the defendant knew that exposing the plaintiff to the toxic chemical compounds at issue in the case (which contained benzene and other industrial toxins) would lead to the injury he complained of; (3) the defendant concealed the source of the alleged injury; (4) by concealing its knowledge of the injury, the defendant effectively concealed the existence of the injury; (5) the concealment prevented the plaintiff from receiving proper medical care and advice concerning the injury; and (6) the defendant's conduct led to continued exposure, and the cumulative exposure aggravated the initial injury. (*Id.* at p. 1475.) The *Barth* court held that the foregoing factual allegations were sufficient to state a cause of action under section 3602(b)(2). (*Barth, supra,* 673 F.Supp. at pp. 1468-1469, 1476; see also Cal. Workers' Damages Practice (Cont.Ed.Bar 2d ed. 2002) Lawsuits Against Employers, § 4.43, p. 138.)[15]

Our holding is also consistent with the Supreme Court's seminal decision in *Johns-Manville, supra,* 27 Cal.3d 465, which the Legislature codified in the provisions of section 3602(b)(2). In the *Johns-Manville* case, an employee brought a suit for damages against his employer, a leading manufacturer of asbestos, alleging (among other things) that he was continuously exposed to asbestos at work over a period of 29 years; he developed "pneumoconiosis, lung cancer, or other asbestos-related illnesses" as a result of that exposure; his employer knew that long exposure to asbestos was dangerous to an employee's health, yet concealed this knowledge from the employee and advised him it was safe to work in close proximity to asbestos; and the employer concealed its knowledge that the employee's asbestos-related illnesses were caused by ingestion of asbestos, thereby aggravating those illnesses by "inducing him to continue to work under hazardous conditions." (*Johns-Manville, supra,* 27 Cal.3d at pp. 469-470, 477.) The Supreme Court held that the foregoing allegations were sufficient to state a tort cause of action against the employer for aggravation of the employee's asbestos-related injuries. (*Id.* at p. 477.)

---

[15]Urging this court to disregard *Barth, supra,* 673 F.Supp. 1466, defendants cite *Santiago v. Firestone Tire & Rubber Co.* (1990) 224 Cal.App.3d 1318 [274 Cal.Rptr. 576] (*Santiago*). The *Santiago* case, however, like *Hughes Aircraft Co., supra,* 44 Cal.App.4th 1790, is procedurally distinguishable and thus inapposite. *Santiago* involved an appeal from a judgment entered upon a jury verdict. (*Santiago, supra,* 224 Cal.App.3d at p. 1322.) *Barth, supra,* 673 F.Supp. at page 1467, involved a motion to dismiss based upon the pleadings.

## DISPOSITION

The judgment of dismissal is reversed, and this matter is remanded for further proceedings. Appellants shall recover their costs on appeal.

McDonald, J., and McConnell, J., concurred.

Respondents' petitions for review by the Supreme Court were denied September 11, 2002.